By fax

Jeffrey P. Lendrum (SBN137751)
**LENDRUM LAW FIRM**
A Professional Corporation
401 West "A" Street, Suite 2330
San Diego, CA 92101
Telephone: (619) 239-4302
Facsimile: (619) 239-4307
E-mail: jpl@lendrumlaw.com

Attorney for Lisett Di Donato–Young

FILED
AUG 22 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY EC DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

LISETT DI DONATO-YOUNG, an individual,

Petitioner,

vs.

WACHOVIA SECURITIES, LLC, a Delaware Corporation,

Respondent.

Case No. '08 CV 1557 W RBB

**DECLARATION OF V. MICHAEL ARIAS IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD**

*[filed concurrently with Petition to Vacate Arbitration Award; Memorandum of Points and Authorities in Support of Petition; Notice of Lodgment; Declaration Of Jeffrey P. Lendrum In Support Of Petition to Vacate Arbitration Award; Declaration Of Lisett Di Donato-Young In Support Of Petition to Vacate Arbitration Award and [Proposed] Order]*

Hearing Date: To Be Determined
Hearing Time: To Be Determined
Judge: To Be Determined
Courtroom: To Be Determined



Cp

I, V. Michael Arias, declare as follows:

1. I am an attorney-at-law, duly admitted to practice before the courts in the State of Florida, and currently employed the law firm of Carlson & Lewittes, P.A., one of the attorneys of record for Petitioner Lisett Di Donato in the matter styled *Wachovia Securities, LLC v. Lisett Di Donato-Young,* NASD Case No. 06-05141 (the "Arbitration").

2. The statements in this Declaration are made upon the basis of my own personal knowledge and I could, and would, competently testify thereto if called upon to do so.

3. The Arbitration was commenced by Wachovia Securities LLC ("Wachovia") by the filing of a Statement of Claim. Thereafter, on or about December 11, 2006, Wachovia filed an Amended Statement Of Claim, which was the operative claim at the time the Award was entered. Attached to Notice of Lodgment in Support of Petition to Vacate Arbitration Award ("NOL") as Exhibit 1 is a true and correct copy of Wachovia's Amended Statement of Claim.

4. In response to the Statement of Claim, on or about February 12, 2007, Ms. Di Donato filed her Statement Of Answer and Counter-Claim. Attached to NOL as Exhibit 2 is a true copy of Ms. Di Donato's Statement Of Answer and Counter-Claim.

5. After extensive discovery, the Arbitration hearings occurred on the following dates: February 26-29, 2008, April 22-23, 2008 and May 19-20, 2008.

6. The Arbitration hearing sessions were recorded by audiotape and four of the seven sessions were transcribed. Copies of the audiocassette tapes and transcripts will be provided to the Court, upon request.

7. On or about June 2, 2008, my office was served with the NASD Arbitration Award for the Arbitration proceedings. Attached to NOL as Exhibit 3 is a true copy of the Award.

8. Attached to the NOL as Exhibit 4 is a true copy of the index of exhibits admitted at the arbitration. The hand-written notes on the exhibits were placed on the document by my office.

9. Attached to NOL as Exhibit 5 is a true copy of Respondent/Counter-Claimant Di Donato's Brief On Employee Indemnification. This brief was submitted to the arbitrators and

counsel for Wachovia in advance of the arbitration. In the brief, we specifically cite the arbitrators to *O'Hara v. Teamsters Union Local #856*, 151 F. 3d 1152 (9th Cir. 1998), which is the controlling Ninth Circuit authority specifying the elements of indemnity claims under Labor Code sections 2802 and 2865.

10. In addition to citing *O'Hara*, we also cited and attached as an exhibit to our Arbitration Brief, a copy of the NASD decision of *Goldberg v. Bear Stearns & Co., Inc.*, NASD Case No. 05-03465. This NASD decision issued out of Los Angeles provides a comprehensive analysis of indemnity under California law and specifically under the *O'Hara* decision. See NOL Ex.5, Exhibit D.

11. Attached to the NOL as Exhibit 6 is a group of email produced by Wachovia in advance of the arbitration and marked collectively as arbitration Exhibit 25.

12. Despite an opportunity to do so, Wachovia never disputed the application of *O'Hara* to the claims alleged by Wachovia. Thus, at the time of the Award, the arbitrators were not in possession of any judicial or statutory authority that would refute the clear holding of *O'Hara*.

13. At no time during the arbitration did Wachovia present any evidence that its alleged $172,000 "loss" was the result of a judgment entered against Wachovia in favor a third party. To the contrary, NOL Exhibit 6 contains, *inter alia*, numerous internal Wachovia email discussing the basis of Wachovia's decision to buy the bonds from Corpbanca. See, NOL Ex 6, pp. 6, 20, 28, 34 and 35.

14. Attached to the NOL as Exhibit 7 are true excerpts from the testimony of Raymond P. Valencia, Wachovia Securities' Regional Senior Vice President, given on February 27, 2008. When Mr. Valencia was asked at the Arbitration to articulate the basis for Wachovia's decision to purchase the bonds from Corpbanca, Wachovia's counsel asserted the attorney client privilege. When my office objected on the grounds that the privilege had been waived, the Arbitrators overruled the objection and allowed Wachovia to hide behind the privilege.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and that this declaration is executed this 21st day of August, 2008.

V. Michael Arias