FILED
2009 JAN -5  PM 3: 25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISETT DI DONATO-YOUNG,<br><br>                          Petitioner,<br>vs.<br><br>WACHOVIA SECURITIES, LLC,<br><br>                         Respondent. | CASE NO. 08-CV-1557<br><br>ORDER DENYING PETITION TO VACATE AND GRANTING CROSS-PETITION TO CONFIRM ARBITRATION AWARD |

      On August 22, 2008, Petitioner Lisett Di Donato-Young filed this petition to vacate a June 2, 2008 arbitration award under 9 U.S.C. §10. Petitioner seeks relief on grounds that the arbitrators exceeded their power by disregarding California law. Respondent Wachovia Securities, LLC, opposes the petition, and has filed a cross-petition to confirm the arbitration award.

      The Court decides the matters on the papers and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** the petition to vacate (Doc. No. 10), and **GRANTS** Wachovia's cross-petition to confirm the award (Doc. No. 13).

//
//

## I. BACKGROUND

Petitioner was an employee of Wachovia from April 1998 through her termination on March 16, 2006. At the time of her termination, Petitioner was a broker managing over $450 million in assets.

Petitioner's termination arose out of a March 2, 2006 incident. On that day, Corpbanca, a Chilean client, contacted Petitioner to sell $4.6 million worth of bonds to Wachovia. Petitioner called Wachovia's trading desk to determine the price at which the bonds were trading, and to determine what Wachovia was willing to pay. Wachovia alleges that its trading desk simply told Petitioner that the bonds were trading at $115.00. Petitioner contends she "understood" that the trader made a firm offer to purchase the bonds at that price. Regardless, Petitioner proceeded to commit Wachovia to purchasing the bonds at $115.05, rather than at the $115.00 price.

Shortly after committing Wachovia to the trade, the actual price of the bonds dropped from approximately $115.10 to $113.50. Petitioner immediately contacted Corpbanca to void the trade, but was unable to do so.

Several days after the unauthorized trade, on March 6 or 7, 2006, Petitioner informed Wachovia's management that there was an issue with Corpbanca. Wachovia alleges, however, that at the time, Petitioner was claiming that no trade had occurred.

On March 13, 2006, Corpbanca demanded that Wachovia purchase the bonds at the $115.05 price. Wachovia alleges that it then learned for the first time that Petitioner committed Wachovia to purchase the bonds, and that the trade was confirmed orally and in writing. Accordingly, on March 14, 2006, Wachovia purchased the bonds from Corpbanca at the $115.05 price causing Wachovia to take a significant loss.

On March 16, 2006, Wachovia presented Petitioner with a "Broker Error Promissory Note" in the amount of $172,094.45. After being presented with the note, Petitioner left to seek legal advice. That same day, Petitioner was terminated and her accounts were distributed to other brokers in the office.

On November 28, 2006, Wachovia filed an arbitration claim against Petitioner with the National Association of Securities Dealers ("NASD") alleging causes of action for: (1) misrepresentation; (2) common law indemnity; and (3) violation of California Labor Code § 2865. Petitioner responded with an answer and counterclaim for, among other things, wrongful termination and defamation. (*See Pet.'s Notice of Lodgment* ("NOL") Ex. 3.) A three-person NASD arbitration panel was assigned to the dispute.

Arbitration hearings were convened on February 26-29, 2008, April 22-23, 2008 and May 19-20, 2008. On June 2, 2008, the panel awarded Wachovia $172,000 in compensatory damages and $37,266.67 in interest against Petitioner. (*See* NOL, Ex. 3 at p.3.) All of Petitioner's counterclaims were denied. (*Id.*)

On August 22, 2008, Petitioner filed this petition to vacate the arbitration award. The petition was amended on September 9 and 11, 2008. On October 3, 2008, Wachovia filed its response and cross-petition to confirm the award.

II. **LEGAL STANDARD**

   A.   <u>Vacating an Arbitration Award.</u>

The Federal Arbitration Act (FAA) reflects a strong federal policy favoring arbitration. <u>A.G. Edwards & Sons, Inc. v. McCollough</u>, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992). When parties agree to resolve their dispute through arbitration, courts generally defer to the arbitration panel's decisions. <u>See</u> <u>Todd Shipyards Corp. v. Cunard Lines</u>, 943 F.2d 1056, 1060 (9th Cir. 1991) ("It is generally held that an arbitration award will not be set aside unless it evidences a 'manifest disregard for the law.'"); <u>Catz Am. Co. v. Pearl Grange Fruit Exch., Inc.</u>, 292 F. Supp. 549, 551 (S.D.N.Y. 1968) ("Since one of the fundamental purposes of resorting to arbitration is to reduce the cost and delay of litigation, the role of the court must be limited in reviewing an arbitration award."). Section 10(a) of the FAA, however, provides that the court may vacate an arbitration award when there is "evident partiality . . . in the arbitrators," or when the arbitrators are guilty of misconduct in refusing to hear "evidence pertinent

and material to the controversy," or where the "arbitrators exceeded their powers." 9 U.S.C. § 10(a).

Here, the only ground Petitioner raises in support of vacating the arbitration award is that the arbitrators exceeded their powers. Arbitrators have "exceeded their powers" only when their award is "completely irrational, or exhibits a manifest disregard for the law." Schoenduve Corp. v. Lucent Technologies, Inc., 442 F.3d 727, 731 (9th Cir. 2006). This basis for vacatur is, however, "severely limited and for the most part, the court defers to the arbitrators' determination of the award." See Michigan Mutual Ins. Co. v. Unigard Security Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995.)

To rise to the level of manifest disregard, "the governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." Collins v. D.R. Horton, Inc., 505 F.3d 874, 879–880 (9th Cir. 2007). Further, it must be clear from the record that the "arbitrators recognized the applicable law and then ignored it." Michigan, 44F.3d at 832. Consequently, the FAA does not require a perfect arbitration procedure. Rather, a court should confirm an award—"even in the face of erroneous findings of fact or misinterpretations of the law"—unless the party challenging the decision meets one of the narrow statutory exceptions. Kyocera Corp. v. Prudential-Bache Trade Svcs., Inc., 341 F.3d 987, 997 (9th Cir. 2003)

B. **Confirming an Arbitration Award.**

Section 9 of the FAA states:

> If the parties in their agreement have agreed that a judgment of the Court shall be entered upon the award made pursuant to the arbitration, and shall specify the Court, then at any time within one year after the award is made, any party to the arbitration may apply to the Court so specified for an order confirming the award, and there-upon the Court must grant such order unless the award is vacated, modified, or corrected...

9.U.S.C. §9.

A Court must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed by the FAA. Schoenduve, 442F.3d at 731. Confirmation of an

arbitration award is required even in the face of erroneous misinterpretations of law. G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1105 (9th Cir. 2003). "It is not even enough that the [arbitrator] may have failed to understand or apply the law. An arbitrator's decision must be upheld unless it is completely irrational or it constitutes manifest disregard of the law" Id.

### III. DISCUSSION

Petitioner contends that under California Labor Code § 2865, an employer may obtain indemnity against an employee *only* if a judgment was previously entered against the employer as a result of the employee's conduct. Because Corpbanca did not sue Wachovia, and thus no judgment was entered against Wachovia, Petitioner argues that the arbitrators' award was in "manifest disregard" of California law. (*Supp. Mem.*, at 16–18.) The Court disagrees.

Petitioner's argument assumes that the arbitrators' award was based on Wachovia's indemnity claim under Labor Code § 2865. But the arbitrators did not explain the basis for the award, and were under no obligation to do so. Raytheon Co. v Automated Business Systems, Inc., 882 F.2d 6, 8 (1st 1989) (citing United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960)). And as Wachovia points out, it also sued Petitioner for misrepresentation and common-law indemnity, neither of which require a judgment as a condition precedent to filing suit. Thus, assuming Petitioner's interpretation of section 2865 is correct, to prevail, Petitioner must also establish that the arbitrators' decision was not based on one of Wachovia's other two claims. Otherwise, Petitioner's argument is unavailing.

In this regard, Petitioner argues that the award could not have been based on the misrepresentation claim because the "only harm alleged by Wachovia was as a result of its voluntary business decision to preserve its relationship with Corpbanca...." (*Pet. Reply*, 4:25–27.) Petitioner is wrong.

In connection with the misrepresentation claim, Wachovia specifically alleged that Petitioner,

> not only misrepresented the price of the bonds to the client, she also intentionally failed to disclose to Wachovia that she was communicating a false price to a client. Respondent did so with the knowledge of the falsity of her statements and her concealment, with the intent to deceive, causing damages to Claimant Wachovia. * * * Further, because [Petitioner] held herself out as having ostensible authority to provide a price on the bonds to the client, Claimant Wachovia was obligated to purchase the bonds from the client. As a result of [Petitioner's] misrepresentations and omissions, Claimant Wachovia has been damaged in an amount in excess of $172,000.

(*NOL*, Ex. 1 at ¶¶ 11–12.) Thus, contrary to Petitioner's contention, Wachovia alleged damages arising from Petitioner's misrepresentations. Indeed, the arbitrators' award specifically recognized that Wachovia sought "to recover losses incurred as a result of [Petitioner's] alleged misrepresentations to a client wherein [Wachovia] was obligated to purchase bonds and incurred losses." (*Id.*, Ex. 3 at p.2.) Accordingly, based on the record before the Court, Petitioner has failed to establish that the arbitrator's decision was based exclusively on Labor Code § 2865.

Moreover, in order to obtain vacatur on the ground of manifest disregard, it must be clear from the record that the "arbitrators recognized the applicable law and then ignored it." Michigan, 44F.3d at 832. The Court agrees with Wachovia that it is not clear from the record that the arbitrators recognized Labor Code § 2865's judgment requirement, but ignored it.

Labor Code § 2865 does not explicitly state that a judgment is required before obtaining indemnity. The statute reads:

> An employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer. The employer is liable to the employee if the service is not gratuitous, for the value of the services only as are properly rendered.

Instead, the judgment requirement is based on the Ninth Circuit's decision in O'Hara v. Teamsters Union Local # 856, 151 F.3d 1152 (9th Cir. 1998), wherein the court

1  held that indemnity under section 2865 "can only be recovered where 'a judgment has
2  been rendered against an employer for damages occasioned by the unauthorized act of
3  his employee . . . [citations omitted]." Id. at 1160.

4      The arbitrators' award does not discuss section 2865, and thus there is no
5  indication that the arbitrators knew about the judgment requirement. Petitioner
6  nevertheless argues that the arbitrators knew about the requirement because O'Hara
7  was cited in her arbitration brief.

8      But Petitioner cited the decision for a different proposition. Specifically,
9  Petitioner cited O'Hara for the principle that an "employee should be indemnified by
10 the employer for acts within the scope of employment unless the employee's conduct
11 is 'so unusual or startling that it would be unfair to include the loss as a cost of the
12 employer's doing business,' . . .." (NOL, Ex. 5 at p.5.) Her arbitration brief did not
13 discuss the judgement requirement. (See NOL Ex. 5 at 5).

14     Petitioner contends, however, that the arbitrators knew about the law because
15 the relevant language in O'Hara could be found on page 15 of one of the exhibits
16 attached to Petitioner's arbitration brief. The Court is not persuaded. Parties
17 frequently attach voluminous exhibits to motions. It is the parties' job, not the courts
18 or arbitrators, to identify the relevant portions of exhibits. Because Petitioner's
19 arbitration brief did not discuss Labor Code § 2865's judgment requirement, Petitioner
20 has not established that the panel recognized and ignored applicable law.

21     In summary, the manifest disregard basis for vacatur is "severely limited" and the
22 Court, under the FAA, generally must defer to the panel's award. See Michigan, 44
23 F.3d at 832. Under this standard, and for the reasons outlined above, Petitioner has
24 failed to satisfy her burden of showing that the arbitration award was made in manifest
25 disregard for the law.
26 //
27 //
28 //

**IV. CONCLUSION**

In light of the foregoing, the Court **DENIES** Petitioner's petition to vacate (Doc. No. 10), and **GRANTS** Wachovia's cross-petition to confirm (Doc. No. 13). Judgement is **HEREBY ORDERED** against Petitioner Lisett Di Donato-Youn in the amount of **$218,898.11**, with interest to accrue on this amount at a rate of 10% from the date of the arbitration award until the judgment is satisfied.

Upon entry of judgment, the clerk shall close the District Court case file.

**IT IS SO ORDERED.**

DATE: January 5, 2009

HON. THOMAS J. WHELAN
United States District Court
Southern District of California